# ATTACHMENT 3

# Offender Grievance

## MCCALL, GARY LAMAR-GDC ID 728670

### Grievance No. 151763 - Status: APPEAL DENIED

Click here for printer friendly version.

| | | | |
|---|---|---|---|
| Facility Grievance Against: | **VALDOSTA STATE PRISON** | Grievance Type: | **FORMAL** |
| Grievance Date: | **06/12/2013** | Form Received Date: | **06/24/2013** |
| Expedited Grievance: | **NO** | Grievance Category: | **CONDITIONS OF CONFINEMENT** |

Complaint/Resolution: **INMATE STATES: On 06/12/13 while working my assigned detail in K-2 (SMU) I was stabbed 13 times by an inmate who was suppose to be secure in the law library cage doing law research. Due to the officers assigned to this post not only neglecting to search this inmate for contraband once removed from his cell, but also neglecting to properly secure the cage that the inmate was placed in. My life was placed in extreme danger... RESOLUTION: I would like to speak with internal affairs a.s.a.p.**

### Persons Involved

| Name | GDC Relationship | Role | Comments or Medical Notes |
|---|---|---|---|
| Pope, Darryl Christopher | Employee | Directly Involved | Notes |
| Smith, Rodney Willard | Employee | Directly Involved | Notes |
| Edwards, Travis A. | Employee | Directly Involved | Notes |
| Staten, Geary | Employee | Directly Involved | Notes |
| Matthews, Melanie La Rose | Employee | Directly Involved | Notes |

### No Incidents Involved

## RESOLUTION

| | | | |
|---|---|---|---|
| Status: | **NOT RESOLVED** | Status Date: | **06/24/2013** |
| Resolution Comments: | | | |

## INVESTIGATION RESULTS

| | | | |
|---|---|---|---|
| Formal Process Initiated On: | **06/24/2013** | | |
| Institution Response Due Date: | **08/03/2013** | Ten Day Extension: | **YES** |
| Grievance Coordinator: | **WOODS, SHUNDA** | Date Coordinator Received: | **07/02/2013** |
| Investigator: | **HUMPHRIES, OSCAR** | | |
| Investigator Response Due Date: | **07/04/2013** | Investigator Response Date: | **07/02/2013** |
| Recommendation Status: | **DENIED** | | |
| Grievance Coordinator Comments: | | | |

Grievance Coordinator
Report Date:          **07/25/2013**

## LOCAL DISPOSITION RESULTS

Disposition Status:          **DENIED**

Institution Response Date:          **07/31/2013**

Warden/Designee:          **KNOWLES, GAIL L**

Warden/Designee's Response:          According to the report of the incident of 6-12-13, officers did not neglect to secure the Law Library cage. The cage was secure but Inmate Reynolds was somehow able to get through the slot in the cage door. The cage has been physically improved to prevent this from happening again. Procedures for placing inmates in the cage have been changed to include strip-searching inmates before placing them in the cage instead of pat-searching them as before. Incident Report 124978 shows your medical findings as "Small abrasion on left shoulder" for which you were provided appropriate medical care. Officer Edwards states he did conduct a pat-search of Reynolds and the fact that he did not find a shank on the inmate could be human error but does not prove negligence. It is not clear at this time, exactly where the weapon was when Reynolds was searched. I can find nothing to show that staff negligence caused this situation or that staff could have anticipated Reynolds's actions on 6-12-13.

## GRIEVANCE CLOSURE
Date Offender Notified:          **08/08/2013**

## INITIATE APPEAL
Date Appeal Received From Offender:          **08/19/2013**

Appeal Mailed Date:          **08/28/2013**

Lead Investigator:          **BURSE, WILLIAM ELIJAH**

## APPEAL ASSIGNED
Date Appeal Received By Inmate Affairs:          **09/09/2013**

Appeal Response Due Date:          **10/11/2013**

Assign to Investigator:          **STREETS, TIMOTHY D**
Comments:

## INVESTIGATOR RESULTS
Status Recommendation:          **DENIED**          Date:          **09/12/2013**

Investigator's Comments:          This review revealed no violations of policy by staff and no further information was revealed to substantiate the inmates claim.

## APPEAL RESULTS
Status:          **DENIED**          Date:          **09/12/2013**

Lead Investigator's Comments:          Grievance appeal is denied.

## APPEAL CLOSURE
Date Offender Notified:          **09/19/2013**

---

*© 1998 - 2002 Georgia Department of Corrections*

Send your system questions and recommendations to us



INSTITUTIONAL STAFF USE ONLY

OFFENDER NAME McCall, Gary    OFFENDER NUMBER 728670

INSTITUTION Valdosta S.P. 537    GRIEVANCE NUMBER 151763

DATE COMPLETED FORM RECEIVED FROM OFFENDER 6-24-13    BY

DATE APPEAL RECEIVED 8-19-2013    BY

THIS FORM MUST BE COMPLETED IN INK. YOU MUST INCLUDE SPECIFIC INFORMATION CONCERNING YOUR GRIEVANCE TO INCLUDE DATES, NAMES OF PERSONS INVOLVED, AND WITNESSES.

DESCRIPTION OF INCIDENT: On 06/12/13 while working my assigned detail in K-2 (SMU) I was stabbed 13 times by an inmate who was suppose to be secure in the law library cage doing law research. Due to the officers assigned to this post not only neglecting to search this inmate for contraband once removed from his cell, but also neglecting to properly secure the cage that the inmate was placed in, my life was placed in extreme danger...

RESOLUTION REQUESTED: I would like to speak with internal affairs a.s.a.p.

Gary McCall    06/21/13
OFFENDER Signature    Date

Is this grievance being filed within the 10 day time limit? Please answer ● Yes or ○ No . If the answer is No, please explain why.

## WARDEN'S/SUPERINTENDENT'S GRIEVANCE RESPONSE

Offender's Name:  **Gary Mccall**          Grievance Number:    151763

GDC #:          **728670**          Facility:          **Valdosta State Prison**

RESPONSE TO GRIEVANCE:

According to report of the incident of 6-12-13, officers did not neglect to secure the Law Library cage.
The cage was secure but Inmate Reynolds was somehow able to get through the slot in the cage door.
The cage has been physically improved to prevent this from happening again.  Procedures for placing
inmates in the cage have been changed to include strip-searching inmates before placing them in the
cage instead of pat-searching them as before.  Incident Report 124978 shows your medical findings as
"Small abrasion on left shoulder" for which you were provided appropriate medical care.  Officer Edwards
states he did conduct a pat-search of Reynolds and the fact that he did not find a shank on the inmate
could be human error but does not prove negligence.  It is not clear at this time, exactly where the
weapon was when Reynolds was searched.  I can find nothing to show that staff negligence caused this
situation or that staff could have anticipated Reynolds's actions on 6-12-13.

_Marty C. Allen_                          7 3/ 13
Warden's/Superintendent's signature              (date)

I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE:

_Gary McCall_                          08 /08 /13
Offender's signature                      (date)

*You have seven (7) calendar days within which to appeal this Response to your Grievance Coordinator.
If the last day is not a business day at your institution, you may file it on the next day that is a business
day.*



# GEORGIA DEPARTMENT OF CORRECTIONS
## STATE OF GEORGIA

### Incident Report



Nathan Deal
*Governor*

Brian Owens
*Commissioner*

## Incident Detail

| | |
|---|---|
| **Facility:** | VALDOSTA SP |
| **Military Time:** | 06/12/2013 11:00 |
| **Number:** | 124978 |

| | | | |
|---|---|---|---|
| **Incident Type:** | MINOR | | |
| **Use Of Force:** | NO | **Use Of Weapon:** | NO |
| **Nature of Incident:** | INMATE TO INMATE ASSAULT | | |
| **Wireless Devices Found:** | 0 | | |
| **Incident Location:** | DORMITORY | | |
| **Chemical Incident:** | NO | **Fire:** | NO |
| **Facility Mechanical Breakdown:** | NO | | |
| **Incident Video Taped By:** | INCIDENT NOT VIDEO TAPED | | |
| **Reporting Official:** | DARRYL POPE CORRECTIONAL OFFICER | | |
| **Property Damaged:** | NO | **Damage Amount:** | 0 |
| **Damage Description:** | - | | |

**Warden's Recomm./Comments:**

Actions as needed.

**Summary of Incident:**

While doing my rounds in K-2 Building, I observed 2 inmates fighting near cell 15.  I recognized on (Inmate McCall, Gary who is K-2 Building Orderly) fighting off Inmate Reynolds off the K-1 side of the building who was suppose to be in the Law Library Cage. Officer Edwards came in along with me Officer Pope to break up the fight and Code 1 was called.  Sgt. Rodney Smith, Sgt. Lamons and Officer Fedd showed up on scene.  Inmate Reynolds with 5 inch weapon assaulting Inmate McCall.  Medical was notified and Supervisor was also notified.

## People Involved

### Staff
**EDWARDS, TRAVIS A. - 1059515**

| Involvement | Injured? | Adverse Action Taken? | Use of Force | Weapon Type | Weapon Reason | Weapon Serial No | Weapon Cert Date | Amo Type | Reviewed Video |
|---|---|---|---|---|---|---|---|---|---|
| DIRECTLY INVOLVED | No | No | No | - | - | - | - | - | No |

**Comments:** On 6/12/13 around 0930 while just finishing running yard call for K-1 dorm,  the K-2 Officer and I entered K-2 to start running yard call when I observed Inmate Reynolds, Joseph in a

physical altercation with Inmate McCall, Gary (K-2- Orderly) inside of K-2-15 cell, which was vacant at the time. While I approached the 2 fighting, I observed a shank (homemade knife) in Inmate Reynolds, Joseph right hand. I then drew my baton and ordered Inmate Reynolds, Joseph to drop the shank. While both inmates were still interlocked, Inmate Reynolds complied with my instructions and dropped the shank, therefore no force was needed. At that time, Sgt. Smith arrived along with other officers to backup with the situation and both inmates ended their assaults on each other. I then assisted in escorting Inmate McCall, Gary from K-2 to K-Building rec cages. He was then later escorted to Medical and release back to his dorm while Inmate Reynolds, Joseph was escorted to K-1-38, later to be placed on strip cell. Inmate Reynolds, Joseph was placed in the interview cage for Law Library Session, locked and secured. The only explanation is he sled through the flap tat is used to place and remove handcuffs from inmates and for inmates to accept legal work through. The action taking by Inmate Reynolds, Joseph was confirmed by the Law Library Aid (Inmate Bingham, Randall).

### FEDD, CERRY EDWARD - 1053773

| Involvement | Injured? | Adverse Action Taken? | Use of Force | Weapon Type | Weapon Reason | Weapon Serial No | Weapon Cert Date | Amo Type | Reviewed Video |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | No |
| DIRECTLY INVOLVED | No | No | No | - | - | - | - | - | |

Comments: I responded to the Code 1 in K-2. I assisted in escorting Inmate Reynolds from K-2 to K-1-38.

### LAMONS, GEORGE G. - 1046833

| Involvement | Injured? | Adverse Action Taken? | Use of Force | Weapon Type | Weapon Reason | Weapon Serial No | Weapon Cert Date | Amo Type | Reviewed Video |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | No |
| DIRECTLY INVOLVED | No | No | No | - | - | - | - | - | |

Comments: I assisted in escorting Inmate McCall, Gary #728670 from K-2 to Medical ER to be checked by Medical.

### POPE, DARRYL CHRISTOPHER - 1065692

| Involvement | Injured? | Adverse Action Taken? | Use of Force | Weapon Type | Weapon Reason | Weapon Serial No | Weapon Cert Date | Amo Type | Reviewed Video |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | No |
| DIRECTLY INVOLVED | No | No | No | - | - | - | - | - | |

Comments: While doing my rounds in K-2 Building, I observed 2 inmates fighting near cell 15. I recognized on (Inmate McCall, Gary who is K-2 Building Orderly) fighting off Inmate Reynolds off the K-1 side of the building who was suppose to be in the Law Library Cage. Officer Edwards came in along with me Officer Pope to break up the fight and Code 1 was called. Sgt. Rodney Smith, Sgt. Lamons and Officer Fedd showed up on scene. Inmate Reynolds with 5 inch weapon assaulting Inmate McCall. Medical was notified and Supervisor was also notified

**SMITH, RODNEY WILLARD - 1030943**

| Involvement | Injured? | Adverse Action Taken? | Use of Force | Weapon Type | Weapon Reason | Weapon Serial No | Weapon Cert Date | Amo Type | Reviewed Video |
|---|---|---|---|---|---|---|---|---|---|
| DIRECTLY INVOLVED | No | No | No | - | - | - | - | - | No |

**Comments:** On 6/12/13 at 0928, I responded to a Code 1 (inmates fighting) in K-2. Upon my arrival from K-1, I observed Inmate Reynolds, Joseph #1224247 fighting with Inmate McCall, Gary 728670 near cell K-2-15. Inmate Reynolds was compliant with my instructions and I placed him on the floor and secured him in handcuffs. I then assisted in escorting him over to K-1 and placed him in cell K-1-38. An approximately 5 inch long weapon was recovered and was used by Inmate Reynolds against Inmate McCall. Upon investigating what had occurred, I questioned Officer Pope who stated that Inmate Reynolds was brought over from K-1-79 and placed in the Law Library Cage for his legal library time. A check of the logbook confirms this. Inmate Bingham, Randall 1158793 was questioned because he is the Law Library Aide and was present in K-2 and he stated to me that Inmate Reynolds climbed through the flap in the Interview Cage. The Law Library Cage is no longer in use per Mr. Terrell until it can be modified. Also, per Mr. Terrell, I placed Inmate Reynolds on strip cell status in K-1-38 at 1050. Mental Health Counselor Carpenter cleared Inmate Reynolds and he was checked by Medical.

## Offenders

**MCCALL, GARY LAMAR - 728670**

| Involvement | Injured? | Disciplinary Filed? | Weapon Used | Sexual Allegat | Reviewed Vid |
|---|---|---|---|---|---|
| DIRECTLY INVOLVED | Yes | Yes | - | No | No |

**Comments:** While working in K-2 an inmate ran out of the Law Cage and stabbed me.

**REYNOLDS, JOSEPH - 1224247**

| Involvement | Injured? | Disciplinary Filed? | Weapon Used | Sexual Allegat | Reviewed Vid |
|---|---|---|---|---|---|
| DIRECTLY INVOLVED | No | Yes | 5 INCH LONG HOMEMADE WEAPON | No | No |

**Comments:** Per Sgt. Ervin L. Arrendale writes: Inmate Reynolds refused to make any statement.

## Civilians

ELIZABETH KNOWLES LPN    DIRECTLY INVOLVED    Video Reviewed
**Comments:** Inmate McCall - Small abrasion on left shoulder.



# GEORGIA DEPARTMENT OF CORRECTIONS
### VALDOSTA STATE PRISON
**Shunda Woods, Chief Counselor**
P.O. Box 310
Valdosta, Georgia 31603-0310
Information (229) 333-7900

Nathan Deal
**Governor**

Brian Owen
**Commissioner**

*MEMORANDUM*

TO: <u>McCall, Gary</u>     <u>728670</u>     <u>J1-77</u>
      **I/M Name**            **ID**         **Dorm Assignment**

FROM:  Shunda Woods, Grievance Coordinator

DATE: <u>July 25, 2013</u>

RE:  Extension on Grievance # <u>151763</u>

This memo is to inform you that your grievance will be extended ten (10) days. This is necessary to ensure that your grievance receives the attention needed to process it completely.

*SW/mm*

# STAFF LOCAL INVESTIGATIVE REPORT AND RECOMMENDATION FORM

INSTITUTION: _Valdosta S.P. 537_        DATE: _7-2-2013_

TO:     GRIEVANCE COORDINATOR/ALTERNATE GRIEVANCE COORDINATOR

FROM:   _O. Humphries_

---

OFFENDER: NAME: _McCall, Gary_        _13-151763_

GDC #: _728670_

INMATE'S BASIC ALLEGATION OR COMPLAINT: _Inmate alleges that he was stabbed on 6-12-13 while working in K building, due to officers' negligence and improper pat searches of Inmates using Law Library computer._

SUMMARY OF INVESTIGATION: _McCall was stabbed on this date by Reynolds, Joseph. However, I/m was properly secured in the cage and he was able to escape through the flap. One officer alleges that Reynolds was properly searched before being placed in the cage. Due to nature of allegation, recommend grievance be forwarded to Internal Investigation._

STAFF SIGNATURE: _Oscar Humphri_        DATE: _7-2-2013_

Concur with Staff Findings:   Yes: ☑   No: ☐
Grievance Coordinator: _S. Woods_

(Reproduced locally)

RETENTION SCHEDULE: Upon completion of this form, it will be placed in a file in the Grievance Coordinator's office.

## WITNESS STATEMENT

| PLACE K bldg, Control room | DATE 06-26-13 | TIME 0632 | FILE NUMBER |
|---|---|---|---|
| LAST NAME, FIRST NAME, MIDDLE NAME Matthews, Melanie | EMPLOYEE ID NUMBER 00923675 | | STATE ID NO. |
| INSTITUTION OR ADDRESS Valdosta State Prison | | | |

### SWORN STATEMENT

I, __M. Matthews__, WANT TO MAKE THE FOLLOWING STATEMENT UNDER OATH:

On 6-12-13, I Ofc. M. Matthews was working K bldg control room, I was not able to search inmate Reynolds, properly supervise, or secure the cage properly. I watched the inmate from the control to the best of my ability. Thank you in advance for your consideration in this matter. End of statement.

| EXHIBIT | INITIALS OF PERSON MAKING STATEMENT | PAGE 1 OF _____ PAGES |
|---|---|---|

ADDITIONAL PAGES MUST CONTAIN THE HEADING "STATEMENT OF ___ TAKEN AT ___ DATED ____ CONTINUED." THE BOTTOM OF EACH ADDITIONAL PAGE MUST BEAR THE INITIALS OF THE PERSON MAKING THE STATEMENT AND BE INITIALED AS "PAGE ___ OF ___ PAGES." WHEN ADDITIONAL PAGES ARE UTILIZED, THE BACK OF PAGE 1 WILL BE LINED OUT, AND THE STATEMENT WILL BE CONCLUDED ON THE REVERSE SIDE OF ANOTHER COPY OF THIS FORM.

(Reproduced locally)

STATEMENT (Continued)

AFFIDAVIT

I, _____ HAVE READ OR HAVE HAD READ TO ME THIS STATEMENT WHICH BEGINS ON PAGE 1 AND ENDS ON PAGE _____ . I FULLY UNDERSTAND THE CONDITIONS OF THE ENTIRE STATEMENT MADE BY ME. THE STATEMENT IS TRUE.   I HAVE INITIALED ALL CORRECTIONS AND HAVE INITIALED THE BOTTOM OF EACH PAGE CONTAINING THE STATEMENT.   I HAVE MADE THIS STATEMENT FREELY WITHOUT HOPE OF BENEFIT OR REWARD,   WITHOUT THREAT OF PUNISHMENT, AND WITHOUT COERCION, UNLAWFUL INFLUENCE, OR UNLAWFUL INDUCEMENT.

_____
(Signature of Person Making Statement)

WITNESS

Subscribed and sworn to before me, a person authorized by law to administer oaths, this _____ day of _____, 20___
at _____

_____

INSTITUTION OR ADDRESS

_____
(Signature of Person Administering Oath)

_____

_____
(Typed Name of Person Administering Oath)

INSTITUTION OR ADDRESS

_____
(Authority To Administer Oath)

INITIALS OF PERSON MAKING STATEMENT

PAGE        OF        PAGES

RETENTION SCHEDULE:

Upon completion, if this form, it will be placed in a file in the Grievance Coordinator's office.

WITNESS STATEMENT

| PLACE | DATE | TIME | FILE NUMBER |
|---|---|---|---|
| Valdosta State Prison | 6- -13 | 0545 | |

| LAST NAME, FIRST NAME, MIDDLE NAME | EMPLOYEE ID NUMBER | STATE ID NO. |
|---|---|---|
| Edwards, Travis Andrew | 00976392 | |

INSTITUTION OR ADDRESS

SWORN STATEMENT

I, Officer Edwards_____, WANT TO MAKE THE FOLLOWING STATEMENT UNDER OATH:

On 6-12-13, Inmate Reynolds, Joseph was placed in the
interview cage in K-2. Inmate was secured in the cage
by the lock chained to it. Inmate was pat searched before
being placed in the cage. Inmate Reynolds slid out of the
flap while we were running yard call on K-1. End of statement.

| EXHIBIT | INITIALS OF PERSON MAKING STATEMENT | PAGE 1 OF ____ PAGES |
|---|---|---|

ADDITIONAL PAGES MUST CONTAIN THE HEADING "STATEMENT OF ___ TAKEN AT ___ DATED ____ CONTINUED." THE BOTTOM OF EACH
ADDITIONAL PAGE MUST BEAR THE INITIALS OF THE PERSON MAKING THE STATEMENT AND BE INITIALED AS "PAGE ___ OF ___ PAGES."
WHEN ADDITIONAL PAGES ARE UTILIZED, THE BACK OF PAGE 1 WILL BE LINED OUT, AND THE STATEMENT WILL BE CONCLUDED ON THE
REVERSE SIDE OF ANOTHER COPY OF THIS FORM.

(Reproduced locally)

STATEMENT (Continued)

AFFIDAVIT

I, _Officer Redmond_ _____ HAVE READ OR HAVE HAD READ TO ME THIS STATEMENT WHICH BEGINS ON PAGE 1
AND ENDS ON PAGE____. I FULLY UNDERSTAND THE CONDITIONS OF THE ENTIRE STATEMENT MADE BY ME. THE STATEMENT IS TRUE.    I
HAVE INITIALED ALL CORRECTIONS AND HAVE INITIALED THE BOTTOM OF EACH PAGE CONTAINING THE STATEMENT.    I HAVE MADE THIS
STATEMENT FREELY WITHOUT HOPE OF BENEFIT OR REWARD,    WITHOUT THREAT OF PUNISHMENT, AND WITHOUT COERCION, UNLAWFUL
INFLUENCE, OR UNLAWFUL INDUCEMENT.

_____
(Signature of Person Making Statement)

WITNESS

Subscribed and sworn to before me, a person authorized by law
to administer oaths, this ____ day of _____, 20__
at _____

_____
INSTITUTION OR ADDRESS

_____
(Signature of Person Administering Oath)

_____
INSTITUTION OR ADDRESS

_____
(Typed Name of Person Administering Oath)

_____
(Authority To Administer Oath)

INITIALS OF PERSON MAKING STATEMENT

PAGE    OF    PAGES

RETENTION SCHEDULE:

Upon completion, if this form, it will be placed in a file in the Grievance Coordinator's office.

WITNESS STATEMENT

PLACE **K- Building**

DATE **6/26/13**  TIME **1950**  FILE NUMBER

EMPLOYEE ID NUMBER **0100029l**  STATE ID NO.

LAST NAME, FIRST NAME, MIDDLE NAME **Pope, Darryl, Christopher**

INSTITUTION OR ADDRESS **Valdosta State Prison**

SWORN STATEMENT

I, **Darryl Pope**, WANT TO MAKE THE FOLLOWING STATEMENT UNDER OATH:

While escorting I/M to yard with other floor Officer Edwards, I noticed that their wes an I/M in Law Research Cage who was escorted by Officer Staten and SGT. Smith from the K-1 side, with I/M Bingham assisting him on computer. After returning from yard, I officer Pope and Officer Edwards observed I/M McCall, Gary GDC# 728670 who is K-2 orderly being assaulted by I/M Reynolds with a pointy object. Code one was called, Supervisors came on the scene, then I/M Reynolds dropped weapon and cuffed up for SGT. Smith to take him away. Since I never brought I/M Reynolds over to K-2 side in the first place, I had no way of knowing whether he was stripped search by Officer Staten and SGT. Smith. End of Statement.

EXHIBIT

INITIALS OF PERSON MAKING STATEMENT

PAGE 1 OF **2** PAGES

ADDITIONAL PAGES MUST CONTAIN THE HEADING "STATEMENT OF ___ TAKEN AT ___ DATED ___ CONTINUED." THE BOTTOM OF EACH ADDITIONAL PAGE MUST BEAR THE INITIALS OF THE PERSON MAKING THE STATEMENT AND BE INITIALED AS "PAGE ___ OF ___ PAGES." WHEN ADDITIONAL PAGES ARE UTILIZED, THE BACK OF PAGE 1 WILL BE LINED OUT, AND THE STATEMENT WILL BE CONCLUDED ON THE REVERSE SIDE OF ANOTHER COPY OF THIS FORM.

(Reproduced locally)

STATEMENT (Continued)

## AFFIDAVIT

I, _Officer Pope_ HAVE READ OR HAVE HAD READ TO ME THIS STATEMENT WHICH BEGINS ON PAGE 1 AND ENDS ON PAGE _2_. I FULLY UNDERSTAND THE CONDITIONS OF THE ENTIRE STATEMENT MADE BY ME. THE STATEMENT IS TRUE. I HAVE INITIALED ALL CORRECTIONS AND HAVE INITIALED THE BOTTOM OF EACH PAGE CONTAINING THE STATEMENT. I HAVE MADE THIS STATEMENT FREELY WITHOUT HOPE OF BENEFIT OR REWARD, WITHOUT THREAT OF PUNISHMENT, AND WITHOUT COERCION, UNLAWFUL INFLUENCE, OR UNLAWFUL INDUCEMENT.

_Darryl Pope cor_
(Signature of Person Making Statement)

WITNESS

Subscribed and sworn to before me, a person authorized by law to administer oaths, this _____ day of _____, 20___
at _____

_____
INSTITUTION OR ADDRESS

_____
(Signature of Person Administering Oath)

_____
INSTITUTION OR ADDRESS

_____
(Typed Name of Person Administering Oath)

_____
(Authority To Administer Oath)

INITIALS OF PERSON MAKING STATEMENT

PAGE _2_ OF _2_ PAGES

RETENTION SCHEDULE:

Upon completion, if this form, it will be placed in a file in the Grievance Coordinator's office.

## WITNESS STATEMENT

| PLACE Security | DATE 9-1-13 | TIME 1500 | FILE NUMBER |
|---|---|---|---|
| LAST NAME, FIRST NAME, MIDDLE NAME Smith, Rodney | EMPLOYEE ID NUMBER 008564 20 | | STATE ID NO. |
| INSTITUTION OR ADDRESS Valdosta State Prison | | | |

### SWORN STATEMENT

I, Rodney Smith, WANT TO MAKE THE FOLLOWING STATEMENT UNDER OATH:

In reference to grievance #151763, I did not escort nor search Inmate Reynolds, Joseph when he was being placed in the Law Library in K2 dorm. Staff is not required to be physically present while an inmate is in the Law Library. Also, the case was secure and inmate Reynolds was able to squeeze through the tray flap and did assault inmate McCall. The cage has since had modifications to prevent this from occurring in the future. End of Statement

| EXHIBIT | INITIALS OF PERSON MAKING STATEMENT RS | PAGE 1 OF 2 PAGES |
|---|---|---|

ADDITIONAL PAGES MUST CONTAIN THE HEADING "STATEMENT OF ___ TAKEN AT ___ DATED ____ CONTINUED." THE BOTTOM OF EACH ADDITIONAL PAGE MUST BEAR THE INITIALS OF THE PERSON MAKING THE STATEMENT AND BE INITIALED AS "PAGE___ OF ___ PAGES." WHEN ADDITIONAL PAGES ARE UTILIZED, THE BACK OF PAGE 1 WILL BE LINED OUT, AND THE STATEMENT WILL BE CONCLUDED ON THE REVERSE SIDE OF ANOTHER COPY OF THIS FORM.

STATEMENT (Continued)

### AFFIDAVIT

I, _Rodney Smith_ HAVE READ OR HAVE HAD READ TO ME THIS STATEMENT WHICH BEGINS ON PAGE 1 AND ENDS ON PAGE __2__ I FULLY UNDERSTAND THE CONDITIONS OF THE ENTIRE STATEMENT MADE BY ME. THE STATEMENT IS TRUE. I HAVE INITIALED ALL CORRECTIONS AND HAVE INITIALED THE BOTTOM OF EACH PAGE CONTAINING THE STATEMENT. I HAVE MADE THIS STATEMENT FREELY WITHOUT HOPE OF BENEFIT OR REWARD, WITHOUT THREAT OF PUNISHMENT, AND WITHOUT COERCION, UNLAWFUL INFLUENCE, OR UNLAWFUL INDUCEMENT.

_____
(Signature of Person Making Statement)

WITNESS

Subscribed and sworn to before me, a person authorized by law to administer oaths, this ____ day of _____, 20__ at _____

_____
INSTITUTION OR ADDRESS

_____
(Signature of Person Administering Oath)

_____
INSTITUTION OR ADDRESS

_____
(Typed Name of Person Administering Oath)

_____
(Authority To Administer Oath)

INITIALS OF PERSON MAKING STATEMENT

PAGE _2_ OF _2_ PAGES

RETENTION SCHEDULE:

Upon completion, if this form, it will be placed in a file in the Grievance Coordinator's office.

## WITNESS STATEMENT

| PLACE _Security_ | DATE _7-1-13_ | TIME _1530_ | FILE NUMBER |
|---|---|---|---|

| LAST NAME, FIRST NAME, MIDDLE NAME _Staten, Geary_ | EMPLOYEE ID NUMBER _00972679_ | STATE ID NO. |
|---|---|---|

INSTITUTION OR ADDRESS _Valdosta State Prison_

### SWORN STATEMENT

I, _Geary Staten_____, WANT TO MAKE THE FOLLOWING STATEMENT UNDER OATH:

On the date of 6-12-13 When the code was Called I was in medical with the callouts. End of Statement.

GS
GS GS
GS
GS

| EXHIBIT | INITIALS OF PERSON MAKING STATEMENT _GS_ | PAGE 1 OF ____ PAGES |
|---|---|---|

ADDITIONAL PAGES MUST CONTAIN THE HEADING "STATEMENT OF ___ TAKEN AT ___ DATED ____ CONTINUED." THE BOTTOM OF EACH ADDITIONAL PAGE MUST BEAR THE INITIALS OF THE PERSON MAKING THE STATEMENT AND BE INITIALED AS "PAGE ___ OF ___ PAGES." WHEN ADDITIONAL PAGES ARE UTILIZED, THE BACK OF PAGE 1 WILL BE LINED OUT, AND THE STATEMENT WILL BE CONCLUDED ON THE REVERSE SIDE OF ANOTHER COPY OF THIS FORM.

(Reproduced locally)

STATEMENT (Continued)

AFFIDAVIT

I, *Geary Staten* _____ HAVE READ OR HAVE HAD READ TO ME THIS STATEMENT WHICH BEGINS ON PAGE 1 AND ENDS ON PAGE _____. I FULLY UNDERSTAND THE CONDITIONS OF THE ENTIRE STATEMENT MADE BY ME. THE STATEMENT IS TRUE. I HAVE INITIALED ALL CORRECTIONS AND HAVE INITIALED THE BOTTOM OF EACH PAGE CONTAINING THE STATEMENT. I HAVE MADE THIS STATEMENT FREELY WITHOUT HOPE OF BENEFIT OR REWARD, WITHOUT THREAT OF PUNISHMENT, AND WITHOUT COERCION, UNLAWFUL INFLUENCE, OR UNLAWFUL INDUCEMENT.

_____
(Signature of Person Making Statement)

WITNESS

Subscribed and sworn to before me, a person authorized by law to administer oaths, this _____ day of _____, 20___
at _____

_____

INSTITUTION OR ADDRESS

_____
(Signature of Person Administering Oath)

_____

_____
(Typed Name of Person Administering Oath)

INSTITUTION OR ADDRESS

_____
(Authority To Administer Oath)

INITIALS OF PERSON MAKING STATEMENT

PAGE *2* OF *2* PAGES

RETENTION SCHEDULE:

Upon completion, if this form, it will be placed in a file in the Grievance Coordinator's office.

Gary McCall    728670    151763
OFFENDER NAME    I.D. NUMBER    GRIEVANCE NUMBER

I reject the Warden /Superintendent's response to my grievance. The basis for this appeal
is as follows: I can provide the photos that ~~were~~

I was ~~o~~ stabbed 13 times, not once & not
in the left shoulder, I was stabbed 4 times
in the head, 1 time above my left eye, 2
times in the left arm and 6 times in
the back, also ~~these~~ at no time was inmate
Reynolds search in anyway, I was there when
he was taken out of his cell, and also inmates
are still popping out of their cells because I was
attack again on 7-5-13 by Reynolds

NOTE: The option to appeal a proposed resolution rests with the grievant. All grievances
indicating a desire for appeal will be forwarded to the next level. However, to allow a full
review of all issues the grievant wishes considered, he or she should state these reasons
clearly in the appeal. Statements such as "not satisfied" or "appeal further" will result only
in a general review. If for some reason this appeal is being submitted later than the
allotted time frame, please state clearly reasons why if you wish for this appeal to
be considered. This appeal form along with the grievance form must be submitted to
your Counselor or Grievance Coordinator.

INMATE'S
SIGNATURE: Gary McCall                    DATE: 08/08/13
                                                           (Reproduced locally)



# GEORGIA DEPARTMENT OF CORRECTIONS
STATE OFFICES SOUTH AT TIFT COLLEGE
OFFICE OF INVESTIGATIONS & COMPLIANCE
INMATE AFFAIRS AND OMBUDSMAN
300 PATROL RD
Lies Hall 2nd Floor
Forsyth GA 31029
FAX 912-557-7666



Nathan Deal
*Governor*

Brian Owens
*Commissioner*

## CENTRAL OFFICE APPEAL RESPONSE

Date: 09/12/2013

| | | | |
|---|---|---|---|
| Offenders Name: | McCall, Gary Lamar | Grievance Number: | 151763/ 06 |
| GDC#: | 728670 | Facility | Valdosta State Prison |

**Response to Appeal:**
A member of my staff has reviewed your grievance. You allege that on 06/12/2013 you were assaulted by another inmate due to staff negligence. This review revealed no violations of policy by prison staff, and no further information was revealed to substantiate your claim.   Based on this information, your grievance is denied.

Lisa Fountain, by WEA
Commissioner's Designee

9-12-13
Date

I ACKNOWLEDGE RECEIPT OF THE ABOVE RESPONSE ON THIS DATE

Gary McCall
Offender's Signature

09/19/13
Date

J-2/56